Veronica Stirnitzke
OSB # 184482
Law Office of Veronica R. Stirnitzke
P.O. Box 51179
Eugene, OR 97405
Telephone: (541) 200-7912
Facsimile: (541) 500-0073
VRS@StirnitzkeLaw.com

Attorney for Plaintiff Geraldine Sundstrom

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| **Geraldine Sundstrom** an individual<br><br>Plaintiff<br><br>v.<br><br>**Mountain Rose, INC.,** an Oregon Corporation<br><br>Defendant. | Case No.: 6:21-CV-1324<br><br>**COMPLAINT**<br>(42 U.S.C. § 2000e-2, 42 U.S. Code § 2000e-3, ORS 659A.030, ORS 659A.199)<br><br>DEMAND FOR JURY TRIAL |

## INTRODUCTION

1.

This action is brought on behalf of Plaintiff Geraldine Sundstrom for her prior employer, Mountain Rose, Inc.'s discrimination against Plaintiff due to her sex, in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2, and ORS 659A.030, by altering the terms, conditions, and privileges of employment and/or discriminatory termination of Ms. Sundstrom due to her sex and/or due to Plaintiff's resistance to illegal discrimination in violation of 42 U.S. Code § 2000e-3 and ORS 659A.199.

## JURISDICTION AND VENUE

2.

This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This Court has supplemental jurisdiction over the state claims under 28 U.S.C. § 1367(a).

3.

Venue is proper in this District Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this complaint occurred in Lane County, Oregon.

4.

Costs and reasonable attorney fees may be awarded pursuant to 29 U.S.C. § 2617, 42 U.S. Code § 2000e–5(k), Fed. R. Civ. P. 54(d), and ORS 659A.885.

## PARTIES

5.

Plaintiff Geraldine Sundstrom is a citizen of the state of Oregon and a resident of Lane County.

6.

Defendant Mountain Rose, Inc, (also referred to as "Mountain Rose Herbs") is a domestic corporation registered with the State of Oregon. Throughout Ms. Sundstrom's employment, Defendant had over 15 employees.

## FACTUAL ALLEGATIONS

7.

Plaintiff was hired by Respondent in or about July 2018, as a Mill Operator. Plaintiff was promoted to Mill Lead in or around February 2019. As a Mill Lead Plaintiff, among other duties, directed the work of employees.

8.

During the start of Plaintiff's employment John Meyers was the Mill Manager and had supervisory authority over Plaintiff.

9.

During the course of Plaintiff's Employment Mike Capps, who was the Assistant Mill Manager, replaced John Meyers as Mill Manager and had supervisory authority over Plaintiff.

10.

During the course of Plaintiff's employment male employees were permitted to be direct in interpersonal interactions to the point of being confrontational without negative employment consequences.

11.

It was common knowledge at Mountain Rose Herbs that Ish (surname unknow), a male employee and Mill Operator, was direct and confrontational in his interactions to the point that Scotlin Duncun, as well as other employees, complained to management. Ish was not terminated for this behavior.

12.

Mike Capps was exceedingly direct in his management, and was ultimately promoted to take over John Meyer's position when John left Mountain Rose Herbs.

13.

In or about the Spring of 2019 John Meyers told Plaintiff she was "too direct" with no precipitating event. When Plaintiff asked what she was doing wrong John told her "well you can't be like me and Mike" while laughing. Given the primary difference between Plaintiff and John was their sex, this establishes Plaintiff was held to a different standard because she was a

woman. No other feedback was provided by John. Plaintiff requested management training, such as that received by Mike Capps. No such training was provided.

14.

In or about November, 2019, Plaintiff was passed over for a promotion to Assistant Manager in favor of a male employee, Jackson (surname suspected to be Hume).

15.

At the time of Jackson promotion, Plaintiff had one and a half years of experience with Mountain Rose Herbs, including approximately 10 months as a Mill Lead, while Jackson had around 1 month at Mountain Rose Herbs none of which was supervisory.

16.

Plaintiff notified HR on or about November 15, 2019 that she believed she had been discriminated against based on her sex in that she was passed over for promotion in favor of a male employee who had less experience. Plaintiff believed such discrimination to be illegal. Plaintiff further reported to HR via email that she believed she was being discriminated against on or about November 18, 2019, and again on or about December 4, 2019 in a meeting.

17.

On or about December 4, 2019, Plaintiff was informed by supervisor Mike Capps and Human Resources Representative Carol (surname unknow) that she was "too direct" and that is why she was not promoted. Plaintiff was no more or less direct than male employees were. Plaintiff reported to Carol on or about December 4, 2019 meeting that she believed she was being held to a different standard due to her sex.

18.

Plaintiff asked for guidance from John Myers and Mike Capps no fewer than two times, in or about Spring of 2019 and on or about December 4, 2019, as to what she should do differently to not be "too direct." No guidance was ever given other than to not be like John or Mike. As such Plaintiff was directed to behave differently than male employees were allowed and even encouraged to be due to her sex.

19.

On or about February 20, 2020, Plaintiff's employment with Mountain Rose Herb was terminated by Jennifer (surname suspected to be Garitty), the Chief Operations Officer. When Plaintiff asked why she was being terminated Plaintiff was informed by Jennifer that she was being terminated due to there being "too many issues" with her.

20.

On or about April 18, 2020, Plaintiff filed a complaint of discrimination with the Oregon Bureau of Labor and Industries (BOLI) on the bases of facts as alleged in this complaint. That complaint was co-filed with the EEOC, as Defendant's conduct also violated of Title VII of the Civil Rights Act. Plaintiff was granted a right-to-sue notice from BOLI on April 13, 2021, to expire 90 days thereafter. The EEOC issued Plaintiff a right-to-sue notice on July 6, 2021, to expire 90 days thereafter. This action is timely filed within that time frame.

*************************************************************************

## FIRST CLAIM FOR RELIEF

### CIVIL RIGHTS ACT, 42 U.S.C. §2000e-2

21.

Plaintiff incorporates and realleges the facts set forth in paragraphs 1-20 above.

22.

Defendant discriminated against Plaintiff on the basis of her sex, in violation of 42 U.S.C. § 2000e-2. That discrimination included, but was not limited to, altering the terms, conditions, and privileges of employment due to Plaintiff's sex.

23.

Plaintiff has suffered economic damages, including loss of wages and benefits as a result of Defendant's violation of the Civil Rights Act. These damages are continuing. Plaintiff is entitled to recover payment for these damages in an amount to be determined by the jury.

24.

Plaintiff has suffered non-economic damages, including emotional distress, anxiety, humiliation and stress as a result of Defendant's violation of the Americans with Disabilities Act. These damages are continuing. Plaintiff is entitled to recover payments for these damages in an amount to be determined by the jury but not to exceed $500,000.

25.

Defendant's actions were taken in bad faith, maliciously, or with reckless indifference to Plaintiff's rights, entitling her to punitive damages in an amount to be determined by a jury but not to exceed $500,000.

26.

Plaintiff is entitled to reasonable attorney fees and costs, including expert witness fees, pursuant to 42 U.S.C. § 12205. Plaintiff is also entitled to pre and post judgment interest, pursuant to 28 U.S.C. § 1961.

## SECOND CLAIM FOR RELIEF

## CIVIL RIGHTS ACT, 42 U.S. Code § 2000e-3

27.

Plaintiff incorporates and realleges the facts set forth in paragraphs 1-20 above.

28.

Defendant discriminated against Plaintiff on the basis of her resistance to Defendant's violation of 42 U.S. Code § 2000e-2, in violation of 42 U.S. Code § 2000e-3. That discrimination included, but was not limited to, maintaining a separate set of terms, conditions, and privileges of employment in retaliation for resisting said discrimination. Further, Defendant violated 42 U.S. Code § 2000e-3 by discriminating against Plaintiff in altering the terms, conditions, and privileges of employment by terminating Plaintiff's employment in retaliation for resisting said illegal discrimination.

29.

Plaintiff has suffered economic damages, including loss of wages and benefits as a result of Defendant's violation of the 42 U.S. Code § 2000e-3. These damages are continuing. Plaintiff is entitled to recover payment for these damages in an amount to be determined by the jury.

30.

Plaintiff has suffered non-economic damages, including emotional distress, anxiety, humiliation and stress as a result of Defendant's violation of 42 U.S. Code § 2000e-3. These damages are continuing. Plaintiff is entitled to recover payments for these damages in an amount to be determined by the jury but not to exceed $500,000.

31.

Defendant's actions were taken in bad faith, maliciously, or with reckless indifference to Plaintiff's rights, entitling her to punitive damages in an amount to be determined by a jury but not to exceed $500,000.

32.

Plaintiff is entitled to reasonable attorney fees and costs, including expert witness fees, pursuant to 29 U.S. Code § 2615. Plaintiff is also entitled to pre and post judgment interest, pursuant to 28 U.S.C. § 1961.

## THIRD CLAIM FOR RELIEF

### ORS 659A.030

33.

Plaintiff incorporates and realleges the facts set forth in paragraphs 1-20 above.

34.

Defendant discriminated against Plaintiff on the basis of her sex, in violation of 659A.030. That discrimination included, but was not limited to, altering the terms, conditions, and privileges of employment due to Plaintiff's sex.

35.

Plaintiff has suffered economic damages, including loss of wages and benefits as a result of Defendant's violation of 659A.030. These damages are continuing. Plaintiff is entitled to recover payment for these damages in an amount to be determined by the jury.

36.

Plaintiff has suffered non-economic damages, including emotional distress, anxiety, humiliation and stress as a result of Defendant's violation of the Americans with Disabilities Act.

These damages are continuing. Plaintiff is entitled to recover payments for these damages in an amount to be determined by the jury but not to exceed $500,000.

37.

Plaintiff is entitled to reasonable attorney fees and costs, including expert witness fees, pursuant to ORS 659A.885. Plaintiff is also entitled to pre and post judgment interest.

## FORTH CLAIM FOR RELIEF

### ORS 659A.199

38.

Plaintiff incorporates and realleges the facts set forth in paragraphs 1-20 above.

39.

Defendant discriminated against Plaintiff on the basis of her resistance to Defendant's violation of 659A.030, in violation of 659A.199. That discrimination included, but was not limited to, maintaining a separate set of terms, conditions, and privileges of employment by in retaliation for resisting said discrimination. Further, Defendant violated 659A.199 by discriminating against Plaintiff in altering the terms, conditions, and privileges of employment by terminating Plaintiff's employment in retaliation for resisting said illegal discrimination.

40.

Plaintiff has suffered economic damages, including loss of wages and benefits as a result of Defendant's violation of the 659A.199. These damages are continuing. Plaintiff is entitled to recover payment for these damages in an amount to be determined by the jury.

41.

Plaintiff has suffered non-economic damages, including emotional distress, anxiety, humiliation and stress as a result of Defendant's violation of 659A.199. These damages are continuing. Plaintiff is entitled to recover payments for these damages in an amount to be determined by the jury but not to exceed $500,000.

42.

Plaintiff is entitled to reasonable attorney fees and costs, including expert witness fees, pursuant to ORS 659A.885. Plaintiff is also entitled to pre and post judgment interest.

### DEMAND FOR PUNITIVE DAMAGES

The actions of the Defendant described in this complaint were deliberate, intentional, and embarked on with the knowledge of, or in conscious disregard for, Defendant's obligations under 42 U.S.C. §2000e-2 and 42 U.S. Code § 2000e-3. As a result of said intentional, callous or reckless conduct, Ms. Sundstrom is entitled to punitive damages against the Defendant in an amount sufficient to punish them and to deter others from engaging in such illegal conduct.

### DEMAND FOR TRIAL BY JURY

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury as to all issues

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Geraldine Sundstrom requests that the Court grants her the following relief:

1. Compensatory damages in an amount to be determined at trial

2. Economic damages in the form of lost wages and pre and post judgment interest in an amount to be determined at trial;

3. Her reasonable attorney fees and costs incurred herein;

4. Punitive damages as to Federal Claims in an amount to be determined at trial; and

5. Such other relief as the Court deems just and equitable;

DATED this 8th of September, 2021.

/s/ *Veronica Stirnitzke*
Veronica Stirnitzke OSB # 184482